UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/25/2020
```

PAUL BRAITHWAITE and ANTHONY GORDON,

                        Plaintiffs,

   -v-

SHAUN FRANCOIS, DAVID KEYE, ANTIONIO JORDON, MAYRA VEGA, WILLIE MITCHELL, and LOCAL 372

                        Defendants.

No. 20-cv-7736 (MKV)
ORDER GRANTING
MOTION TO REMAND

MARY KAY VYSKOCIL, District Judge:

      Before the Court is the plaintiffs' motion to remand this case to the New York Supreme Court [ECF #5]. The Court assumes familiarity with the background facts and procedural history. The plaintiffs are members of Local 372, a union that represents non-teacher and non-security employees of the New York City Department of Education. They are running for president and vice president in an upcoming union election. They filed an action in the New York Supreme Court asserting claims for breach of fiduciary duty and breach of contract against the current president of the union, the treasurer, and several trustees, all in their personal capacities [ECF #6-2]. It alleges that the defendants have mismanaged the union's finances, and it seeks an injunction allowing the plaintiffs to examine the books in advance of the election, as well as an order requiring the defendants to pay restitution.

      The defendants removed on the ground that the plaintiffs' action implicates the union's upcoming election, which implicates federal law [ECF #1]. Specifically, they argued that the

1

Labor Management Reporting and Disclosure Act ("LMRDA") governs union elections and provides the exclusive remedy for challenging such elections.

As a general rule, "a case will not be removable if the complaint does not affirmatively allege a federal claim." *Citigroup, Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489–90 (S.D.N.Y. 2009) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)); *see also id.* ("[T]he plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). A federal law defense is not a basis for removal. *Id.* In particular, "a defense that relies on . . . the preemptive effect of a federal statute" generally "will not provide a basis for removal." *Beneficial Nat'l Bank*, 539 U.S. at 6.

Although there is an exception "when a federal statute wholly displaces the state-law cause of action through complete preemption," *id.* at 8, that exception does not apply here. To determine whether the complete preemption exception applies, a court must (1) look to whether the federal statute provides "the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action" and (2) determine whether Congress intended such causes of action to be treated as "arising under the laws of the United States." *Id.*

Although the defendants argue that the LMRDA provides the exclusive cause of action for any election-related challenge, that is not what the statute says. It states: "Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior to the conduct thereof shall not be affected by the provisions of this subchapter. The remedy provided by this subchapter for challenging an election already conducted shall be exclusive." 29 U.S.C. § 483.

Neither the Supreme Court, nor the Second Circuit has ever held that the LMRDA completely preempts state law. At least one court in this district has found complete preemption supporting removal for "post-election" challenges. *Calciano v. United Bhd. of Carpenters & Joiners of America*, No. 92-cv-5715 (TPG), 1993 WL 138827, at *2 (S.D.N.Y. Apr. 23, 1993) (denying motion to remand, holding that there was "a valid ground of federal jurisdiction" because § 483 provided the exclusive remedy "for challenging an election already conducted"). Other courts have taken pains to distinguish post-election challenges from not only challenges prior to an election, but also challenges that are merely related to an election. *See Murray v. Amalgamated Transit Union*, 206 F. Supp. 3d 202, 208 (D.D.C.), *amended in part*, 220 F. Supp. 3d 72 (D.D.C. 2016), and aff'd, 719 F. App'x 5 (D.C. Cir. 2018); *Ross v. International Brotherhood of Electrical Workers*, 513 F.2d 840 (9th Cir. 1975).

This is not an action challenging a union election. It is a case for breach of fiduciary duty that seeks injunctive relief on an expedited timeline because of the upcoming election. A number of lower courts have rejected attempts to remove cases that involved torts, rather than challenges to elections. *See Toensmeier v. Amalgamated Transit Union*, No. 3:15-cv-01998-HZ, 2016 WL 884644, at *2 (D. Or. Mar. 8, 2016) ("[T]he LMRDA does not completely preempt Plaintiff's state law claims [for defamation and breach of contract], and therefore, this case is remanded."); *Hahn v. Rauch*, 602 F. Supp. 2d 895, 910 (N.D. Ohio 2008); *Gerow v. Kleinerman*, 2002 WL 1625417, at *4 (D.N.J. July 2, 2002) ("Because Defendants have not provided the Court with any evidence that Congress intended for the LMRDA to completely preempt state defamation law in the labor context, the mere fact that they could assert a preemptive LMRDA defense before the state court is not sufficient to support removal.").

     Because this case is not a challenge to an election and because the plain text of the statute preserves state law challenges "prior to" an election, and the Local 372 election at issue here was not "already conducted," 29 U.S.C. § 483, the Court has no basis to conclude that Congress intended to treat the plaintiffs' state law claims as arising under federal law.  Accordingly, the plaintiffs' motion to remand [ECF #5] is GRANTED.  The Clerk of Court is respectfully directed to remand this case back to the New York Supreme Court and then close this case.

**SO ORDERED.**

**Date:  September 25, 2020**                   _____
      **New York, NY**                                 **MARY KAY VYSKOCIL**
                                                       **United States District Judge**